

# THE ATTORNEY GENERAL
# OF TEXAS

## AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

December 20, 1960

Mr. Alton R. Griffin
County Attorney
Lubbock, Texas

Opinion No. WW-976

Re: The effect that a precinct local
option election will have upon a
city which has heretofore voted
dry upon the same issue which is
up for vote in the precinct, which
includes within its boundaries the
dry city, and related questions.

Dear Mr. Griffin:

Your request reads in part as follows:

"On the 5th day of November, 1960, the Incorporated City
of Slaton, Texas, held a local option election upon the issue
for the sale of alcoholic beverages for off-premise consumption.
On December 10, 1960, Justice Precinct 2 in the County of Lubbock
will hold an election for the sale of alcoholic beverages for
off-premise consumption. The City of Slaton is completely within
the boundaries of Justice Precinct 2.

"I have read your Opinion WW945 concerning the election in
Grayson County, Texas, and your opinion that the county-wide election
would have no effect upon the City of Denison which had previously
voted wet. My questions are as follows:

"(1) Will the City of Slaton remain dry regardless of whether
Justice Precinct 2 legalizes the sale of alcoholic beverages or not?

"(2) Are the people within the city limits of Slaton entitled
to vote in this precinct election since only a month previous they
voted on the same issue in the City election?

"(3) If the majority of the voters in the box located within
the city limits of Slaton vote wet, will that result in the city
being wet?

"My interpretation of the law and of your opinion as well as
my discussion with you would be as follows: that the people of
Slaton would be entitled to vote in the precinct election and that

the City of Slaton, Texas, will remain dry regardless of the outcome of the precinct election and regardless of this vote in the City of Slaton itself."

Your interpretation of the law and of Attorney General's Opinion No. WW-945 is correct.

In WW-945, it was stated that the 1959 case of Myers v. Martinez, 320 S.W.2d 862 (Tex.Civ.App., 1959) writ ref. n.r.e., per curiam opinion 326 S.W. 2d 171, was controlling in this type of situation. The following extracts from that case are pertinent:

"Appellant further contends that the theory of local self-government requires that the will of the county should control over the will of the precinct or city. We do not agree. The doctrine of local self-government requires that the will of the smaller unit shall control over the will of the larger unit. The doctrine of local self-government will not support a rule to the effect that the county must control the precinct or city." (Emphasis added.)

"It is plain from the provisions of the 1935 amendment and the statute enacted thereunder, that the Legislature in submitting the constitutional amendment and enacting the statute, and the people in adopting the 1935 amendment, intended that counties, justice's precincts and incorporated cities or towns should be on an equal footing, and that by complying with the provisions of the law either of them might hold an election any time to either 'legalize' or 'prohibit' the sale of alcoholic beverages, in keeping with the provisions of Sec. 40, Art. 666, Vernon's Ann. Penal Code. The only limitation is that an election for the same purpose in the same area must not be held oftener than once a year, as is provided by Article 666-32, which reads in part as follows:

'No subsequent election upon the same issue shall be held within one (1) year from the date of the last preceding local option election in any county, justice's precinct, or incorporated city or town.'" (Emphasis added.)

To answer your questions specifically, first, the City of Slaton would remain dry regardless of whether Justice Precinct 2 legalizes the sale of alcoholic beverages or not. The City of Slaton is the smaller governmental unit of the two, smaller in size and population, and completely within the boundaries of Precinct 2. So, carrying the doctrine of local self-government to the smallest unit, the declared result is apparent.

Second, the people within the city limits of Slaton are entitled to vote in this Precinct 2 election even though they voted on the same issue in the city election only a month prior to the precinct election. In a precinct-wide election, every eligible voter in the precinct is entitled to vote. The eligible voters of the city of Slaton would not be prohibited from participating because of their recent election for the reason that the areas covered by the elections are not the same.

Third, if the majority of the voters in the box located within the city limits of Slaton vote wet, that would <u>not</u> result in the city becoming wet. The precinct election is not a city election and would have no effect on the previous election held by the smaller governmental unit, the City of Slaton.

As Attorney General's Opinion No. WW-945 stated, to reach a different result in such situations would be contrary to the will of the voters in the cities, towns and justice's precincts, contrary to the holding in <u>Myers v. Martinez</u>, supra, and contrary to the wording of the 1935 Constitutional Amendment.

SUMMARY

1. The city of Slaton would remain dry regardless of whether Justice Precinct 2 legalizes the sale of alcoholic beverages or not.

2. The people within the city limits of Slaton are entitled to vote in this Precinct 2 election even though they voted on the same issue in the city option election a month earlier.

3. If the majority of the voters in the box located within the city limits of Slaton vote wet, that would <u>not</u> result in the city becoming wet.

Very truly yours,

WILL WILSON
Attorney General of Texas

By GLENN R. BROWN
Assistant

APPROVED:

OPINION COMMITTEE
W. V. Geppert, Chairman

Leon Pesek
Bill Allen
W. Ray Scruggs
Ben Harrison

REVIEWED FOR THE ATTORNEY GENERAL
BY: Leonard Passmore